UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE AGUILAR SANTOYO, | No. 2:23-cv-02480-EFB (HC) |
| Petitioner, | |
| v. | ORDER |
| SUTTER COUNTY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief for two reasons.

////

1

First, the docket reveals that plaintiff has been released from the pretrial detention he complains of. ECF No. 4. Plaintiff's release has mooted his habeas petition, because the court can no longer redress his complained-of injury (his pretrial detention) by a favorable decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003); *Barker v. Estelle*, 913 F.2d 1433, 1440 (9th Cir. 1990).

Second, the court must abstain from hearing the instant petition under the doctrine of *Younger* abstention, because petitioner challenges his detention (with allegedly excessive bail) during the period between his arrest for driving under the influence and his trial. As a matter of comity, federal courts abstain from enjoining a state prosecution except in exceptional circumstances where the danger of irreparable harm is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971).

*Younger* abstention in favor of a state proceeding is appropriate if the state proceedings: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to litigate the petitioner's federal claims. *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992). When a federal court abstains from hearing a case under the *Younger* principle, it must dismiss the pending action without prejudice. *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

Excessive bail claims are subject to *Younger* abstention. *E.g., Grame Kali Kanongata'a v. Jones*, No. 2:20-cv-0973 DB P, 2020 U.S. Dist. LEXIS 119942, at *4 (E.D. Cal. July 7, 2020); *Robinson v. Sniff*, 2009 U.S. Dist. LEXIS 36391 (C.D. Cal. Apr. 17, 2009). This is because they challenge ongoing state proceedings that implicate the state's important interest in prosecuting crimes, and petitioner can adequately raise his claims in the state case. If this court were to grant the petition, such a ruling would interfere with the pending criminal prosecution. Plaintiff's petition does not present exceptional circumstances showing the danger of great and immediate irreparable harm.

Because it appears from the face of the petition that petitioner is not entitled to relief, the petition must be summarily dismissed. The court will grant petitioner an opportunity to file an amended petition to attempt to cure the defects identified in this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: April 24, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

3