UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE AGUILAR SANTOYO,<br><br>Petitioner,<br><br>v.<br><br>SUTTER COUNTY,<br><br>Respondent. | No. 2:23-cv-02480-DAD-EFB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE PETITION<br><br>(Doc. No. 6) |

Petitioner Jorge Aguilar Santoyo is a former detainee of the Sutter County Jail proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 24, 2024, the assigned magistrate judge dismissed the operative petition and granted petitioner leave to amend within thirty (30) days from the date of entry of that order. (Doc. No. 5.) Specifically, the magistrate judge found that plaintiff had filed his petition challenging what he claimed was excessive bail set in his underlying state court criminal action but had since been released from pretrial detention, which mooted his petition. (*Id.* at 2.) The magistrate judge additionally found that the excessive bail claim raised by the petition is subject to *Younger* abstention and that accordingly the petition must be dismissed for failing to state a

/////

1

cognizable claim for federal habeas relief. (*Id.*) To date, petitioner has not filed an amended petition.

Accordingly, on June 17, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be dismissed without leave to amend due to plaintiff's failure to prosecute. (Doc. No. 6 at 1.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days of the date of service. (*Id.* at 2.) To date, petitioner has not filed any objections to those findings and recommendations and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on June 17, 2024 (Doc. No. 6) are adopted in full;

2

2. The operative petition for a writ of habeas corpus filed in this action (Doc. No. 1) is dismissed without further leave to amend;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 6, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE